DENK *v.* DETROIT & SECURITY TRUST CO.

1. MORTGAGES—VALIDITY—SIGNATURES—MORATORIUM RELIEF—ESTOPPEL—RES JUDICATA.

  Fact that alleged mortgagor sought moratorium relief in mortgage foreclosure proceedings, after commencing suit to set aside the mortgage on ground that her signature on the mortgage was a forgery, and adjudication had in moratorium suit did not estop her in second suit to set aside mortgage from again claiming forgery where she alleged forgery in bill for moratorium relief and court did not adjudicate her rights in consequence of which she sought relief in original suit nor was adjudication in moratorium suit *res judicata* of validity of mortgage.

2. JUDGMENT—DISMISSAL WITHOUT PREJUDICE.

Dismissal of suit to set aside mortgage "without prejudice" left issues open to be litigated in a subsequent proceeding, as such words will not be rejected as surplusage where obviously inserted to protect plaintiff's rights and are given meaning which they ordinarily convey to the legal profession.

3. COSTS—BRIEF.

No costs are allowed appellee upon affirmance of decree where she filed no brief on appeal.

Appeal from Wayne; Maher (John J.), J., presiding. Submitted January 5, 1939. (Docket No. 44, Calendar No. 40,257.) Decided March 9, 1939.

Bill by Cecilia Denk against Detroit Trust Company, a Michigan corporation (formerly Detroit & Security Trust Company), and Equitable Life Assurance Society of the United States, a foreign corporation, assignee of Detroit Trust Company, to set aside a mortgage, for an accounting and other relief. From denial of defendants' motion to dismiss, they appeal. Affirmed and remanded.

*Miller, Canfield, Paddock & Stone,* for defendants.

NORTH, J. This is a suit in chancery brought by plaintiff and appellee to secure cancellation of a real estate mortgage given to the defendant Detroit Trust Company and subsequently assigned by it to the defendant Equitable Life Assurance Society of the United States. On grounds hereinafter noted, defendants made a motion to dismiss the bill of complaint. Their motion was denied, and, leave having been granted, they have appealed.

Briefly the circumstances giving rise to this litigation are as follows: The mortgage above referred to was given on homestead property in Wayne county to which plaintiff and her husband held title as

joint tenants. There was default in payment of the mortgage in accordance with its terms and the mortgagee's assignee instituted statutory foreclosure; the mortgage sale was held; and prior to the expiration of the period of redemption and on May 11, 1937, plaintiff herein filed a bill in the circuit court of Wayne county asking that the foreclosure proceedings be set aside and the mortgage held to be invalid on the ground that her purported signature thereon was a forgery. Subsequently, and on the 10th day of September, 1937, plaintiff filed another bill of complaint in the same court by which she sought moratorium relief as against the mortgage foreclosure proceedings. She obtained an order granting relief of the character sought and subsequently there was a second moratorium order by which the first was modified in its terms. Thereafter, in consequence of plaintiff's failure to comply with the moratorium conditions, that proceeding was dismissed. Shortly thereafter certain of the defendants in the suit first instituted, including the defendants herein, filed a motion to dismiss that case on the ground that plaintiff therein by having petitioned the court for moratorium relief and having relief of that character decreed in her favor had "acknowledged the validity of the note and mortgage, and the validity of the exercise of the power of sale in said mortgage, and the regularity of all the proceedings to foreclose said mortgage." Upon the hearing of this motion the court entered an order whereby it was provided:

"That the bill of complaint heretofore filed in the above entitled cause be and the same is hereby dismissed as to said Detroit Trust Company, the Equitable Life Assurance Society of the United States, and Wm. J. Robison, three of the above-named defendants, without prejudice."

It appears from the record that there were other defendants as to whom seemingly the cause was not dismissed; but that is a circumstance of no material importance in the instant case.

The order or decree of dismissal last above referred to was filed November 13, 1937. On February 23, 1938, plaintiff began the instant suit in the Wayne county circuit court, in chancery. Again in this bill of complaint plaintiff seeks to have the mortgage and the foreclosure proceedings set aside, and some other relief of an incidental character, on the ground that plaintiff's purported signature was a "forgery and was placed there without the consent or knowledge" of plaintiff. The defendants moved to dismiss this bill of complaint, and it is from the order of the circuit judge denying their motion that defendants have brought this appeal.

In support of their position to dismiss, defendants contended that plaintiff by instituting moratorium proceedings and being decreed relief of that character was estopped from thereafter asserting invalidity of the mortgage, and, further, that the moratorium proceedings between the same parties constituted *res judicata* of the validity of the mortgage and of the proceedings taken to foreclose the same.

Defendants' contention is not tenable. The record before us discloses that throughout the bill of complaint by which plaintiff sought moratorium relief, she set forth the same contention as was made in her original bill of complaint and as is made in the instant bill of complaint, i. e., that the purported signature to the mortgage was a forgery. In her bill for moratorium relief she refers to her original bill of complaint as follows:

"That in this court a suit has been filed to set aside the said mortgage by reason of plaintiff's claim that she never executed the mortgage, and never received any of the money therefrom; said suit has not come to trial as yet."

Obviously plaintiff's bill for moratorium relief was filed for the purpose of further protecting her rights, and so that in event she was unable to establish the forgery alleged in her first suit, still her right of redemption would not be terminated and plaintiff left without a remedy. It does not follow as a necessary conclusion, in fact the contrary clearly appears, that plaintiff by instituting moratorium proceedings admitted the validity of the mortgage defendants foreclosed. Nor, did the court in disposing of the moratorium proceedings adjudicate the alleged rights of plaintiff in consequence of which she sought relief in her original suit. The moratorium proceeding did not work estoppel or constitute *res judicata.*

The dismissal of plaintiff's original suit, subsequent to the termination of the moratorium proceedings, was *without prejudice.* Obviously this provision was deliberately placed in the decree of dismissal to obviate bringing about the very result which appellants are now contending followed the decree dismissing plaintiff's original suit, notwithstanding such dismissal was without prejudice. Defendants did not appeal from the decree containing that provision and they are bound thereby. It will not do for appellants to say now, as they do in their brief:

"But in the case at bar the insertion of the words 'without prejudice' in the order dismissing appellee's original bill of complaint was improper and

erroneous, and, it is submitted, such words should be treated as surplusage."

This phase of the law has been settled in this jurisdiction:

"Giving to the words 'without prejudice' the meaning which they ordinarily convey to the legal profession, we must hold that the former decree left the issues open to be again litigated in a subsequent proceeding." *McIntyre* v. *McIntyre,* 205 Mich. 496.

The circuit court was correct in denying defendants' motion to dismiss, and his order is affirmed. The case is remanded to circuit court for further proceedings therein. Appellee has not filed a brief, and no costs will be awarded.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Potter, Chandler, and McAllister, JJ., concurred.