LABOUR v. MICHIGAN NATIONAL BANK.

1. Action—Splitting Cause of Action—Equity.
   The rule against splitting a cause of action is not a hard and fast one in courts of equity, and will not be enforced there unless justice requires its application in the particular case.

2. Same—Splitting Cause of Action—Vexatious Litigation.
   The purpose of the rule against splitting a cause of action is to prohibit vexatious litigation.

3. Judgment—Splitting Cause of Action—Indorser—Preferential Payments by Bankrupt.
   Judgment in action by bank against note's indorser, brought after maker had been adjudicated a bankrupt, for balance due, in action wherein second count for total of preferential payments which maker had made to bank was dismissed without prejudice was not a bar to decree for bank against

References for Points in Headnotes
[2, 3] 1 Am Jur, Actions § 96.

indorser for such preferential payments in suit by trustee in bankruptcy against bank and indorser, nor should the rule against splitting a cause of action be applied, as the bank in the equity suit was an involuntary party and cannot be charged with indulging in vexatious litigation (11 USCA, § 96[b]).

4. SAME—WITHOUT PREJUDICE.
    The term "without prejudice," when used in a judgment, leaves the issues affected by that term open to be again litigated in a subsequent proceeding.

Appeal from Kent; Verdier (Leonard D.), J. Submitted October 8, 1952. (Docket No. 22, Calendar No. 45,537.) Decided December 9, 1952.

Bill by George F. LaBour, trustee in bankruptcy, against Michigan National Bank and Arthur H. Hunt to recover preferential payments made by bankrupt. Cross bill by Bank against other defendant for amount declared to be due plaintiff by Bank. Decree for plaintiff and dismissing cross bill. Defendant Bank appeals. Reversed and decree for defendant Bank against defendant Hunt on cross bill ordered.

*McCobb, Heaney & Dunn,* for defendant Bank.

*Rom & Newton Dilley,* for defendant Hunt.

BUSHNELL, J. Plaintiff George F. LaBour, the trustee in bankruptcy of Arthur J. Hunt, brought this suit to recover claimed preferential payments that Hunt had made to the defendant and cross-plaintiff, Michigan National Bank. Hunt, on an involuntary petition, had been adjudicated a bankrupt on September 6, 1949. The bank did not file a claim in the bankruptcy proceedings.

In June of 1947 the bankrupt borrowed $5,800 from the bank on a note which was indorsed by his father, defendant Arthur H. Hunt. The maker from time to

time made payments on his loan. On April 7, 1949, his indebtedness, totaling $2,772.29, was evidenced by a renewal note payable $200 on or before June 1st, and the same amount in monthly instalments thereafter. Payments were thereafter made as follows: June 14, 1949, $200; July 7, 1949, $200; and August 1, 1949, $300. When the last payment was made the bankrupt deposited, with the bank, certain notes receivable, for collection and application of the proceeds on his indebtedness. There remained on October 1, 1949, an unpaid balance of $1,825.34.

On January 18, 1950 the bank began a law action against Arthur H. Hunt, the indorser, setting up 2 counts, the first for the amount of the unpaid indebtedness, and the second for $1,028.72, which the trustee had asserted was the total of preferential payments made to the bank. On June 2, 1950, subsequent to the institution of the present suit on April 5, 1950, by the trustee, the bank took a judgment for $1,889.12 against Arthur H. Hunt, the indorser, on count 1. On motion of the bank, in the law action, count 2 was dismissed, with the specific provision in the judgment that such dismissal was without prejudice. Arthur H. Hunt paid the judgment obtained against him, and the bank filed an acknowledgment of satisfaction of that judgment on June 27, 1950.

The bank filed its answer on July 13th in the suit brought by the trustee. Later the bank asked the court, in the event it should be held that it had received moneys as a voidable preference under the bankruptcy act,* that the decree include a money decree against defendant Arthur H. Hunt for the amount of such preferential payments. Hunt then filed an amended answer, with a notice of the special defense, that the judgment theretofore entered

---

* 52 Stat 870 (11 USCA, § 96 [b]).—REPORTER.

against him in the law action was a bar to the claim asserted by the bank in the equity suit.

The trial judge held that the bank was liable to the trustee for the money it had received during the preferential period before Hunt was adjudicated a bankrupt. A money decree was entered against the bank in the amount of $1,029.07. The trial judge further held that, when the bank obtained a judgment against defendant Arthur H. Hunt for the balance then due on the note, it had exhausted its remedy against the indorser; and that to permit another judgment for the amount now due on the same note would be to permit the bank to split its cause of action.

In order to avoid the necessity for a cross appeal by the indorser against the trustee, it was stipulated between the bank and the indorser that:

"(a) Indorser received the benefit of the preferential payments totaling $1,029.07 paid by bankrupt to bank because they dismissed his liability on his contract of indorsement of bankrupt's note to that extent; (b) Indorser, at the times the payments were made, did not have reasonable cause to believe that bankrupt was insolvent within the meaning of section 60(b) of the bankruptcy act; and (c) in consequence, indorser did not receive a preference and the opinion and the decree of the court imposing liability on indorser to plaintiff by reason of such receipt has no force and effect."

The bank, as appellant, argues that the rule prohibiting the splitting of a cause of action should not be applied by a court of equity when the circumstances make that application inequitable.

The rule against splitting a cause of action is not a hard and fast one in courts of equity, and will not be enforced there unless justice requires its application in the particular case. See 1 CJS, p 1309, Actions, § 102 e. For authorities permitting re-

covery against indorsers where preferential pay-ments have been refunded, see 56 ALR, beginning at page 1363. An action to recover instalments then due and payable under a note does not result in splitting a cause of action; nor does the satisfaction of a judgment for past due instalments discharge the remainder of an obligation. *Shelton* v. *Wilson,* 274 Mich 433, 436. See, also, *Kaplan* v. *Goldman,* 225 Mich 378, 381, where it was pointed out that plaintiff was obliged to include in his first suit against de-fendant only such claims as had then accrued. It is fundamental that equity follows the law. The pur-pose of the rule is to prohibit vexatious litigation. The bank in the instant case was an involuntary party, and cannot be charged here with indulging in vexatious litigation.

The defendant indorser should not be relieved of his legal liability by a strained application of a rule of practice. Notwithstanding the views expressed by the trial judge, we are constrained to disagree with his conclusion and hold that the bank did not split its cause of action.

The judgment which the bank obtained against the indorser, Hunt, specifically provided that the second count was dismissed without prejudice. That count pertained solely to moneys which the trustee claimed were preferential payments. Therefore, it cannot be said that the judgment obtained in the law action was a bar to the bank's cross-action in the equity suit. We said in *Denk* v. *Detroit & Security Trust Co.,* 288 Mich 9, at page 14:

"This phase of the law has been settled in this jurisdiction:

"'Giving to the words "without prejudice" the meaning which they ordinarily convey to the legal profession, we must hold that the former decree left the issues open to be again litigated in a subsequent proceeding.'" *McIntyre* v. *McIntyre,* 205 Mich 496.

That portion of the decree dismissing the bank's cross bill is vacated and a modified decree is ordered to be entered below in favor of the bank against defendant Arthur H. Hunt in the amount of $1,029.07, with interest from August 3, 1951. Costs in both courts to appellant bank.

Adams, C. J., and Dethmers, Butzel, Carr, Sharpe, Boyles, and Reid, JJ., concurred.