410 A.2d 436.

JOSEPH ZALOBOWSKI *vs.* NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND.

JANUARY 23, 1980.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

KELLEHER, J.    This is a pension-fund dispute that presents a question of first impression in this jurisdiction. In May 1972, the plaintiff, Joseph Zalobowski (Zalobowski), applied to the defendant, New England Teamsters and Trucking Industry Pension Fund (the fund), seeking a pension. According to Zalobowski's computations, because he had been a member of the fund for twenty-four years, he was entitled to receive a monthly pension check that would amount to $425. The fund's trustees, however, took the position that since Zalobowski had been an owner-operator for six years and seven months of his twenty-four years in the trucking industry, he was entitled to a monthly check that was $163 less than the $425 envisioned by Zalobowski. The fund, through its trustees, was willing to pay Zalobowski $262 a month as a pension and, in doing so, relied upon our holding in *Blinkhorn* v. *McCarthy*, 113 R.I. 465, 322 A.2d 43 (1974).[1]

---

[1]Edward C. Blinkhorn and his brother were seeking pension benefits from the fund for a period during which they were corporate officers of a trucking company. In affirming the trial justice's dismissal of their complaint, we upheld the validity of a provision in the pension plan whereby the trustees had excluded from coverage corporate officers or owners of other organizations identified in the plan as "Contributing Employer."

Discussions became pointless, and on July 30, 1974, Zalobowski filed a civil action in the Superior Court, asking that the fund be ordered to pay him the $163 differential. The fund failed to answer the case, and a default judgment in the amount of $3,423 was entered for Zalobowski. This sum represented the amount that Zalobowski claimed was actually due him for the months beginning November 1, 1972, up to and including the day the suit was initiated.

In computing the award, the trial justice refused to consider any pension payment that had not accrued as of the date of the filing of the suit. He did not, however, limit Zalobowski to this amount, but stated that recovery for future amounts could only be had through subsequent periodic suits involving accrued pension payments. The fund took no appeal from its unsuccessful attempt to remove the default judgment.

Subsequently, Zalobowski filed a motion in August of 1975 to recover benefits that had accrued from the date of the last award. The trial justice, in denying this motion, stated that as only those rights and liabilities which arose prior to the date of the original judgment had been determined, Zalobowski must initiate an additional action in order to resolve his rights on the merits. Zalobowski thereupon instituted this civil action, in which he seeks further delinquent pension payments and an order requiring the fund to pay future benefits as they become due.

At trial, both parties filed motions for summary judgment, Zalobowski under the theory that as the issues involved were the same as those in the first action, therefore, res judicata applied; the fund on the ground that the issues were identical to and controlled by our holding in *Blinkhorn* v. *McCarthy*, 113 R.I. 465, 322 A.2d 43 (1974). Zalobowski's motion for summary judgment was denied, that of the fund was granted, and this appeal ensued.

In support of his argument that the trial justice erred in denying his motion for summary judgment, Zalobowski claims that the issue of his entitlement to the $163 monthly

differential was previously determined in his original suit against the fund. Zalobowski bases this contention on the doctrine of res judicata which acts as an absolute bar to the relitigation of the same claim between the same parties when a final judgment has been rendered on the merits. *R.A. Beaufort & Sons, Inc.* v. *Trivisonno*, 121 R.I. 835, 403 A.2d 664 (1979); *Molony & Rubien Construction Co.* v. *Segrella*, 118 R.I. 340, 373 A.2d 816 (1977); *Corrado* v. *Providence Redevelopment Agency*, 113 R.I. 274, 320 A.2d 331 (1974). Once invoked, res judicata serves to render the prior judgment conclusive with respect to any issues that were raised or that might properly have been raised and litigated. *Armstrong* v. *Armstrong*, 117 R.I. 83, 362 A.2d 147 (1976); *Providence Teachers Union, Local 958* v. *McGovern*, 113 R.I. 169, 319 A.2d 358 (1974); *Perez* v. *Pawtucket Redevelopment Agency*, 111 R.I. 327, 302 A.2d 785 (1973).

The fact that the original action resulted in a default judgment does not render it any less conclusive an adjudication for purposes of res judicata than a judgment rendered in an answered case. *Bradford* v. *Burgess*, 20 R.I. 290, 38 A. 975 (1897); *Innie* v. *W & R, Inc.*, 116 N.H. 315, 359 A.2d 616 (1976); *Zimmer* v. *Zimmer*, 457 Pa. 488, 326 A.2d 318 (1974).

We believe that Zalobowski's reliance on the theory of res judicata to prevent the fund from litigating the amount of his monthly pension payment is misplaced. As stated above, before the rules of res judicata can apply, the claim of the original final judgment must be identical to that claim which a party seeks to have adjudicated in a subsequent suit. The application of res judicata to the issues of this case, therefore, turns on the question of whether Zalobowski is now proceeding on a different claim, namely, the duty of the fund to include the $163 monthly differential in pension payments that accrue after the filing date of the original suit.

At first glance, it may appear that these two claims are synonymous because they arise out of the same pension agreement. This is not controlling because, as the fund so cor-

rectly contends, the agreement is in the nature of an install-ment contract wherein the obligation of the fund is divided into a series of performances controlled by the single pension agreement. *Rose* v. *Baxter*, 67 Ohio App. 1, 34 N.E.2d 1011 (1941). When a contract requires that money be paid in installments, a distinct claim arises for each installment as it becomes due. *ten Braak* v. *Waffle Shops, Inc.*, 542 F.2d 919 (4th Cir. 1976); *Ocean Cargo Lines, Ltd.* v. *North Atlantic Marine Co.*, 227 F. Supp. 872 (S.D.N.Y. 1964); *Kouri* v. *Toma*, 198 Okla. 111, 175 P.2d 975 (1947); *Alsup* v. *Travelers Ins. Co.*, 196 Tenn. 346, 268 S.W.2d 90 (1954). Thus, a judgment on one such claim would not bar addi-tional actions for payments that have accrued since the filing date of the original action. *Rousselle* v. *Jewett*, 101 Ariz. 510, 421 P.2d 529 (1966); *Thibodaux* v. *Burns*, 340 So. 2d 335 (La. App. 1976); *LaBour* v. *Michigan National Bank*, 335 Mich. 298, 55 N.W.2d 838 (1952). By definition, the doctrine of res judicata cannot then apply to subsequent actions that seek monetary installments that have fallen due since the pre-vious action was instituted.

Zalobowski argues, in effect, that this approach to obliga-tions arising under an installment contract would crowd courts with the relitigation of the same issues each time a party sought recovery of an installment that has fallen due. This ominous forecast merits little concern owing to the doc-trine of collateral estoppel which renders conclusive in a later action based on a different claim the determination of certain issues actually litigated in a prior action. *R.A. Beaufort & Sons, Inc.* v. *Trivisonno*, 121 R.I. 835, 403 A.2d 664 (1979); *Providence Teachers Union, Local 958* v. *McGovern*, 113 R.I. 169, 319 A.2d 358 (1974). Collateral estoppel is inef-fective with respect to issues that might have been, but were not, litigated in the original action.

In actuality, Zalobowski's first civil action resulted in a default judgment against the fund for monthly payments that had accrued as of the date of the filing of the suit. Zalobowski's entitlement to pension credits claimed during

his period of self-employment was never actually litigated. *Booher* v. *Richmond Square, Inc.*, 160 Ind. App. 44, 310 N.E.2d 89 (1974); *Lovejoy* v. *Ashworth*, 94 N.H. 8, 45 A.2d 218 (1946); *Martin* v. *Poole*, 232 Pa. Super. 263, 336 A.2d 363 (1975); Restatement, *Judgments* §68 Comment f (1942). Thus, the fund, because of the installment nature of its contract with Zalobowski, was barred neither by res judicata nor by the related doctrine of collateral estoppel from litigating this particular issue.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Thomas W. Pearlman, Larry Dub,* for plaintiff.

*Roberts, Carroll, Feldstein & Tucker Incorporated, Richard M. Peirce,* for defendant.