**Gertrude M. J. FOWLER**

v.

**INTEGRITY INVESTMENTS, INC.**

**No. 82–59–M.P.**

Supreme Court of Rhode Island.

April 29, 1982.

---

Gertrude M. J. Fowler, pro se.

Douglas H. Smith, Providence, for respondent.

## OPINION

PER CURIAM.

This case comes before us on a petition for certiorari to review a judgment of the Sixth Division District Court entered February 2, 1982, awarding possession of certain premises previously owned by Gertrude M. J. Fowler (Mrs. Fowler) to Integrity Investments, Inc. (Integrity). Said premises are located at 448 Bullocks Point Avenue in the city of East Providence. In order to understand the factual background of this petition, it will be necessary to present in some detail a narrative of the events leading to the present controversy.

In September 1970 Mrs. Fowler enrolled her two daughters in The Mary C. Wheeler School. Tuition was not paid. On July 21, 1971, there was an unpaid balance of $3,928.30. Apparently the school notified Mrs. Fowler that the girls would not be admitted for the following year. On August 24, 1972, the school, through its headmaster, notified Mrs. Fowler that the claim had been forwarded to legal counsel for appropriate action. Mr. John Clark of Edwards & Angell (counsel for the school) forwarded the claim to Joseph T. Little, Esquire, for collection since a member of the firm of Edwards & Angell had at one time represented Mrs. Fowler.

Mr. Little commenced action in the District Court September 14, 1972, and service was made October 17, 1972. Thereafter, Mr. Little received a communication from Mrs. Fowler about making a payment on the claim. Although the complaint was not answered, Mrs. Fowler was not defaulted. After some negotiations a promissory note and mortgage were executed on November 15, 1972, in favor of Joseph T. Little, attorney for The Mary C. Wheeler School, Inc. in the sum of $3,932.30. The note provided for payment on April 30, 1973, without interest. However, if principal was not paid on that date, the note provided for accrual of interest at the highest legal rate until paid.[1] The note further provided for cost of collection in the event that suit on the note was required, in the amount of 25 percent of principal and interest due.

The note was not paid on the due date and following fruitless correspondence, the note and mortgage were assigned to Title Investment Co. of America (Title) on August 6, 1975, in consideration of the sum of $1,966. At the time of this assignment Mr. Little explained to representatives of Title that he had been unable to collect the balance due on the note. Thereafter, Title retained an attorney to begin foreclosure proceedings.

Mrs. Fowler, acting on her own behalf without counsel, drafted a complaint and commenced action to enjoin the foreclosure proceedings. During the preliminary hearings, she was represented for a time by an attorney, but generally she was in active

---

1. General Laws 1956 (1969 Reenactment) § 6-26-2 provides for a maximum rate of interest of 21 percent upon loans not covered by statutes relating to licensed pawnbrokers and persons licensed under provisions of G.L.1956 (1968 Reenactment) chapter 25 of title 19 (small loans). The issue of the amount of interest applicable to this loan is not before us.

control of the management of her case. A hearing was held before the presiding justice of the Superior Court, who issued a preliminary injunction on October 6, 1975, against foreclosure proceedings, largely as a result of a determination that it was unconscionable to allow foreclosure without giving Mrs. Fowler an opportunity to raise the money to pay off the indebtedness that was then computed by the attorney for Title to aggregate $7,496.30, including interest and attorney's fees. The presiding justice required that Mrs. Fowler deposit $1,000 in the registry of the court to compensate Title for additional costs and accrual of interest during the period pending hearing on the merits. The court further continued the case for a period of sixty days in order to allow Mrs. Fowler to obtain new counsel, since she was not accepting the advice of the attorney who assisted her in the course of the hearing on preliminary injunction, and to attempt to raise the necessary funds to compromise and/or to pay off the indebtedness to Title.

Mrs. Fowler did not utilize this time to refinance or compromise her indebtedness. Instead she appeared before another justice of the Superior Court on November 26, 1976, for a trial on the merits (more than one year after the preliminary injunction had been granted). The trial justice entered judgment for defendant on December 3, 1976. In support of this judgment, the trial justice made the following findings of fact and conclusions of law:

"This court finds as a matter of fact and as a matter of law that in the execution of the note and mortgage Mrs. Fowler was acting voluntarily and intelligently knowing what she was doing at all times. She so stated from the witness stand.

"Mr. Little was guilty of no fraud, misrepresentation, over-reaching or misconduct of any kind in his relationship with Mrs. Fowler. He was representing Mary C. Wheeler School to the best of his ability at arm's length with Mrs. Fowler. The allegations in the complaint that Mr. Little was guilty of some unspecified misconduct has not been proven in this case.

"* * *

"The Mary C. Wheeler School incurred a legal detriment. It agreed to give up its claim for interest on the tuition balance. In short, the school agreed to give Mrs. Fowler a free ride until April of 1973. Absent such an agreement, Mrs. Fowler would have been liable for the interest at the then rate of six percent per annum from the time that the tuition was first due until a judgment was secured in District Court; and of course, that waiver of interest conferred a benefit on Mrs. Fowler. Therefore, there is clearly consideration on both sides for this transaction."

The court further found that Mrs. Fowler did not pay the note in whole or in part on April 30, 1973, or thereafter, and that finally Mr. Little on behalf of the school assigned the promissory note and mortgage to Title on August 6, 1975. The court found that there was no challenge to the validity of this assignment and concluded that "the note and mortgage are valid" and that there was no evidence set forth which would warrant the court in further interfering with the mortgage foreclosure by Title.

A judgment was duly entered denying the prayers for relief contained in the complaint and dissolving the preliminary injunction previously entered. From this judgment Mrs. Fowler filed a notice of appeal on December 22, 1976. Mrs. Fowler failed to transmit the record and to file her brief within the time required by Rules 12 and 16 of the rules of this court.

On November 16, 1978, this court conditionally dismissed the appeal but provided that if Mrs. Fowler filed her brief on or before December 1, 1978, the appeal would be automatically reinstated. Mrs. Fowler did not file her brief on the date required, and therefore the appeal was automatically dismissed. On February 15, 1979, Mrs. Fowler moved for reconsideration and reinstatement of her appeal and also to restrain Title from advertising her real estate for a mortgagee's sale. The motion to reinstate

and for injunctive relief was denied. Thereafter, Title held a foreclosure sale on March 12, 1979, and the real estate in question was sold to Integrity for the sum of $1,000.

Just prior to the foreclosure sale, Mrs. Fowler filed a complaint in the United States District Court for the District of Rhode Island seeking to enjoin the foreclosure sale and raising substantially the same issues that she had raised earlier before the Superior Court. She also sought collaterally to attack the judgment of the Superior Court and the dismissal of her appeal by this court.

After hearing before the Federal District Court, a motion by Title to dismiss Mrs. Fowler's complaint was granted. A judgment was entered on October 29, 1981, granting Title's motion to dismiss Mrs. Fowler's complaint and dismissing the counterclaim that had been brought by Title without prejudice. Subsequently on November 30, 1981, Mrs. Fowler's motion to amend and reverse the judgment entered October 29, 1981, was denied.

Meanwhile, on December 8, 1981, Integrity filed an action in the District Court for the Sixth Division seeking judgment for possession of the real estate in question and money damages for the reasonable value for use and occupancy thereof. This judgment was granted February 2, 1982, for possession and for damages in the sum of $5,000 for the reasonable rental value thereof and use and occupancy since the date of the foreclosure sale.

■ Although there is a right of appeal to and a trial de novo in the Superior Court for one aggrieved by such a judgment of the District Court, Mrs. Fowler did not exercise such right of appeal but chose instead to file the instant petition for certiorari in which she challenges the constitutionality of certain conditions precedent placed upon said right of appeal. Specifically, she challenges the constitutionality of the provisions of G.L.1956 (1969 Reenactment) § 9–12–12, which requires that every defendant in an action for the possession of real estate claiming an appeal shall give a bond to the plaintiff with one or more sureties to pay all rent or other moneys due or which may become due pending the action. This court has already considered a challenge to the provisions of § 9–12–12 in *Jones v. Aciz*, 109 R.I. 612, 289 A.2d 44, *appeal dismissed sub nom. Phillips v. Housing Authority of Providence*, 409 U.S. 1094, 93 S.Ct. 704, 34 L.Ed.2d 678 (1972). In that case it was held, in response to a challenge by an indigent, that the statute did not violate the provisions of either State or Federal Constitutions. 109 R.I. at 632, 289 A.2d at 55. It is notable that at no point in these proceedings has Mrs. Fowler claimed to be indigent. Thus, a fortiori, her challenge to the provisions of § 9–12–12 cannot prevail.

■ In her petition for writ of certiorari, Mrs. Fowler challenges the judgment of the District Court on the ground that it would not consider her equitable defenses to this action. An examination of her petition discloses that these equitable defenses consist of the very issues that were litigated fully and decided in the Superior Court in respect to Mrs. Fowler's complaint for injunctive relief. The judgment of the Superior Court on these issues is res adjudicata and cannot be relitigated or reexamined by this court or any other court of this state. *Perez v. Pawtucket Redevelopment Agency*, 111 R.I. 327, 302 A.2d 785 (1973). This doctrine applies not only to matters that were determined but also to all matters that might have been determined between the parties. *Id.* at 335, 302 A.2d at 790; *Coates v. Coleman*, 72 R.I. 304, 312–13, 51 A.2d 81, 85 (1947).

A review of the compendious records of litigation between Mrs. Fowler and the predecessor in interest of Integrity reveals that there is no issue which could be reviewed by this court that is not foreclosed by the conclusiveness of the judgment in C.A. No. 75–2979 wherein judgment was rendered in favor of Title on December 3, 1976. Mrs. Fowler's failure to prosecute her appeal from that judgment by not filing her brief within a period of approximately two years from the date of filing her notice of appeal does not open to her the right to

**868**

attack this judgment collaterally in other proceedings.

For the reasons stated, the petition for certiorari is hereby denied, and the stay of the judgment of the District Court heretofore issued shall be dissolved thirty days after the date of the filing of this opinion.

