## TITLE INVESTMENT CO. OF AMERICA

v.

## Gertrude M.J. FOWLER.

### No. 82–326–Appeal.

Supreme Court of Rhode Island.

Feb. 12, 1986.

Douglas H. Smith, Providence, for plaintiff.

Gertrude M.J. Fowler, pro se.

## OPINION

PER CURIAM.

This dispute involves a Superior Court civil action for money due the plaintiff because of the defendant's failure to pay the balance due on a mortgage note executed by the defendant on November 15, 1972. The circumstances that led up to the execution of the note and the ultimate foreclosure of the mortgage are detailed in *Fowler v. Integrity Investments, Inc.,* —— R.I. ——, 444 A.2d 864 (1982). In her appeal the defendant challenges the grant of the plaintiff's motions for (1) a summary judgment and (2) permission to withdraw funds from the registry of the court as well as (3) the denial of the defendant's motion to vacate the summary judgment. Hereafter we shall refer to the plaintiff as "Title" and to the defendant as "Mrs. Fowler."

■ Turning to the grant of Title's motion for summary judgment, the record indicates that the motion was granted by an order dated February 3, 1982. However, Mrs. Fowler's appeal from the order was not filed until June 23, 1982, far beyond the twenty-day appeal period set forth in Supreme Court Rule 4. We have previously noted that the provisions of Rule 4 relative to the filing of a notice of appeal are mandatory. *Hood v. Hawkins,* —— R.I. ——, ——, 478 A.2d 181, 184 (1984). Our

appellate jurisdiction may not be properly invoked when an appeal is filed more than twenty days subsequent to the entry of the judgment of which review is being sought. *Tillson v. Feingold,* — R.I. —, —, 490 A.2d 64, 66 (1985). As noted earlier, Mrs. Fowler filed her appeal on June 23, 1982, from an order issued on February 3, 1982. Since her appeal was clearly out of time, the summary judgment will remain undisturbed.

■ In faulting the trial justice's approval of Title's motion to withdraw $1,000 on deposit in the court's registry, Mrs. Fowler argues that the motion should have been assigned to the Superior Court's formal and special-cause calendar because another justice of the Superior Court, when considering her complaint seeking the enjoining of the foreclosure proceedings, took such a position. Here, however, time had marched on, and she was before another trial justice who had earlier granted Title's motion for summary judgment. In allowing the withdrawal, he was merely acting in accordance with the dictates of the unappealed order. In light of Mrs. Fowler's failure to make a timely appeal, there was absolutely no reason to defer action on Title's motion to withdraw whatever funds were in the registry.

The final facet of Mrs. Fowler's appeal concerns the denial of her motion to vacate the earlier grant of summary judgment. Her efforts in this regard were based upon Rule 60(a) and (b) of the Superior Court Rules of Civil Procedure. She first argues that the trial justice was "mistaken" in granting the summary judgment because the document that was actually before him was Title's motion to assign its summary-judgment motion to a day certain for a hearing on its merits. Another cause for

vacating the judgment brought forward by Mrs. Fowler rests on a statement found on the docket sheet indicating that she was appealing a finding of the District Court.[1] Thus, she offers the suggestion that the trial justice might have had the "mistaken" notion that a hearing on the motion had already taken place in the Sixth Division.

■ Although Title's motion was entitled "Motion to Reassign for Summary Judgment," we see no evidence of mistake, and in the motion there is a recitation of what occurred in the District Court, including the vacating of the grant previously made in the Superior Court. In fact, the record makes it quite clear that the trial justice treated the motion presented to him as a motion for summary judgment and followed the proper standards in ruling as he did. The trial justice fully reviewed the record and viewed the evidence in the light most favorable to Mrs. Fowler as required when ruling on such a motion.

Rule 60(a) is designed, of course, to correct clerical errors in judgments arising from oversight or omission. Such errors can be corrected at any time by the trial court, or they can be corrected at this level. We are not dealing with clerical errors.

Rule 60(b)(1) permits the court to award a party relief from a final judgment on proof of mistake, inadvertence, surprise, or excusable neglect. Here, there was no "mistake" as that term is contemplated by the rule. In *Town of Hopkinton v. Keiser,* 122 R.I. 524, 528–29, 409 A.2d 1220, 1223 (1980), we emphasized that Rule 60 was never intended to serve as a device whereby a disappointed litigant could circumvent the time limits governing the taking of an appeal. Mrs. Fowler's reliance on Rule 60 runs afoul of the rationale set forth in *Keiser.*

1. Originally this litigation began in the District Court's Sixth Division. Title was seeking damages of $10,000. The District Court had granted Title's motion for summary judgment but subsequently vacated the judgment, apparently after it was brought to the justice's attention that Mrs. Fowler had sought to transfer the litigation to the Superior Court. Such a transfer was made pursuant to the pertinent provisions of G.L.1956 (1969 Reenactment) § 8-8-3(b), as amended by P.L.1981, ch. 215, § 2, which gives the District Court concurrent jurisdiction with the Superior Court in civil actions where the amount in controversy exceeds $5,000 but does not exceed $10,000. The statute permits a defendant in such a controversy to "demand" that the case be transferred to the Superior Court.

■ One final comment: On March 4, 1983, this court granted Mrs. Fowler's request that a memorandum that she had previously submitted in seeking a stay of the Superior Court orders in this dispute serve as her brief before us. Her memorandum asks us, in discharging our duty to "uphold the Constitution and the law," to ignore the doctrine of res judicata and in its stead dispense "equity and justice." Unfortunately for Mrs. Fowler, the law in this case is not on her side. The trial justice's grant of Title's summary-judgment motion became final once the twenty-day appeal period had expired. When no appeal had been filed by Mrs. Fowler within that period, the doctrine of res judicata became effective as a matter of law. Thus, the order granting the summary judgment is conclusive not only as to the issues raised in this litigation but also in regard to any issues that might have been properly raised and litigated. *Hebert v. Ventetuolo,* — R.I. —, —, 480 A.2d 403, 405–06 (1984); *Zalobowski v. New England Teamsters and Trucking Industry Pension Fund,* 122 R.I. 609, 612, 410 A.2d 436, 437 (1980); *Armstrong v. Armstrong,* 117 R.I. 83, 86, 362 A.2d 147, 149 (1976).

The defendant's appeal is denied and dismissed, and the orders or judgments appealed from are affirmed.