Stephen C. MARTEL

v.

Leo SKENYON et al.

No. 96–43 Appeal.

Supreme Court of Rhode Island.

Nov. 20, 1997.

Robert J. Healey, Jr., Warren.

Richard B. Woolley, Providence.

## ORDER

This case came before the court for oral argument November 5, 1997, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the oral arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The petitioner, Stephen C. Martel, appeals from a Superior Court judgment denying his petition for declaratory relief wherein he requested the court to declare the filing fee requirement pursuant to G.L. 1956 § 31–43–4(h) unconstitutional in violation of article I, sections 5 and 15 of the Rhode Island Constitution. The petitioner was issued a summons for transportation of alcoholic beverages by an underage person in violation of G.L. 1956 § 3–8–9. A hearing was held on August 21, 1995, in the Administrative Adjudication Court (AAC). The hearing justice found that the petitioner was guilty under the statute and imposed a thirty-day license suspension pursuant to the statute. The suspension of petitioner's license was stayed pending appeal. Pursuant to § 31–43–4(h), any person aggrieved by a decision of the AAC may appeal the decision. However, no appeal shall be accepted unless a filing fee of $25.00 is paid.

On October 3, 1995, petitioner argued before the Superior Court that the guilty finding in the AAC was equivalent to a criminal penalty in that sanctions and fines were imposed against him. He also argued that he was being denied a jury trial by being forced to pay a filing fee to appeal. On October 10, 1995, the trial justice rendered a bench decision. On January 4, 1996, judgment entered whereby the trial justice found that the filing fee did not violate the Rhode Island Constitution and that the proceedings before the AAC were civil and not criminal in nature. On January 25, 1996, twenty-one days after the entry of judgment the petitioner filed his notice of appeal.

Pursuant to Rule 4(a) of the Supreme Court Rules of Appellate Procedure, the mandatory period for filing a notice of appeal is within twenty days of entry of judgment. *Warwick Land Trust, Inc. v. Children's Friend and Service, Inc.*, 604 A.2d 1266, 1267 (R.I.1992); *Title Investment Co. of America v. Fowler*, 504 A.2d 1010, 1011–12 (R.I.1986). Rule 4 also provides that an extension of an additional thirty days for the period for filing the notice of appeal may be granted only upon a showing of excusable neglect. The record discloses no such extension was sought or granted.

This court has been steadfast in maintaining that the filing of a notice of appeal within the time required by Rule 4(a) is a mandatory condition precedent to invoke our appellate jurisdiction. *Title Investment Co.*, 504 A.2d at 1011–12. Since petitioner failed to file a timely notice of appeal, the issues raised in his appeal are precluded. Further, even if the instant appeal were timely, appellant could not prevail. His constitutional arguments are utterly without merit. The Superior Court justice was correct in rejecting them.

Consequently, the petitioner's appeal is denied and dismissed. The decision of the trial justice is affirmed.