ESTATE OF Elliott BASSETT

v.

Walter STONE et al.

STATE

v.

Elliott BASSETT.

Nos. 80–559–Appeal, 81–205–C.A.

Supreme Court of Rhode Island.

April 12, 1983.

Dennis J. Roberts II, Atty. Gen., Kenneth P. Madden, Faith A. LaSalle and James P. Renaldo, Sp. Asst. Atty. Gen., for the State.

John D. Lynch, Warwick, for Estate of Bassett.

OPINION

MURRAY, Justice.

This is a consolidated appeal involving a civil action and a criminal action both brought in the Superior Court. The civil portion is an appeal from a summary judgment granted in favor of the estate of Elliott Bassett. On the criminal side the state appeals from a trial justice's granting of the defendant's motion to recover property seized by the police.

Both cases arise out of the following undisputed facts. On August 15, 1977, the Rhode Island State Police conducted a drug raid on a North Kingstown house in which Elliott Bassett was staying. In that raid the police arrested Bassett and four other persons found on the premises. While executing a warrant to search the premises, the police confiscated the following amounts of cash belonging to Bassett: $3,000 taken

from a bedroom dresser drawer, $1,760 taken from an attache case belonging to Bassett, and $580 later seized from Bassett's safe deposit box, the existence of which the police discovered while conducting their search. In addition to the cash clearly belonging to Bassett, the police confiscated approximately $183,000 to $187,000 found in an unmarked satchel located in a hallway closet.

On October 27, 1977, a Washington County Grand Jury indicted Bassett and seven others for drug-related crimes. Specifically, Bassett was charged with possession with intent to deliver approximately 200 pounds of marijuana and with possession of cocaine. He pleaded not guilty to the counts in the indictments.

Elliott Bassett died on April 26, 1978, from multiple fractures and internal injuries sustained when he fell from a window in New York City.[1] Subsequently, the indictment against Bassett was dismissed. The civil portion of this appeal commenced when the administrator for Bassett's estate filed a complaint in Superior Court seeking the return of the approximately $200,000 that allegedly belonged to Bassett and which was in the possession of Colonel Walter Stone and members of the Rhode Island State Police.[2]

The plaintiff filed a motion for summary judgment on November 13, 1978. In support of this motion plaintiff filed the affidavits of Bassett's mother and father. Both parents claimed that their son told them many times between August 15, 1977, and April 26, 1978, that the $190,000 was his

"sole and absolute property." They also claimed that their son had told them "that there were no claims to [the money] by any other person, firm or corporation * * *."

Walter Stone (defendant) filed an affidavit in opposition to the summary judgment motion in which he stated that the money was not found on Bassett's person or in any bedroom occupied by him. The defendant further stated that Bassett never made any claim to the State Police that the money seized was exclusively his. Finally, defendant stated that the money seized constituted the fruit of a crime and as such was subject to forfeiture to the state.

In a written decision filed on July 19, 1979, the trial justice granted plaintiff's motion for summary judgment. Essentially, he found that there was no disputed issue of fact raised concerning title to the money found in the satchel. On June 26, 1980,[3] a judgment against defendant was entered in the amount of $186,000, plus interest and costs.[4] The defendants filed their notice of appeal from that judgment on June 30, 1980.

The criminal portion of this appeal arises from a motion filed in the original criminal case requesting a hearing and the restoration of money taken from the decedent. A hearing was held on December 16, 1980, at which time Bassett's parents testified, as they had stated in their affidavits in support of the summary-judgment motion earlier, that their son both before and after his arrest had told them that the large amount of cash seized was his and that the house involved in the drug raid where he had been staying was his summer home.

---

1. The cause of the fall, according to the death certificate, was undetermined pending police investigation.

2. The complaint was later amended to add other party defendants, including Anthony Solomon, General Treasurer of Rhode Island.

3. Originally judgment was entered on August 16, 1979. On February 8, 1980, defendants filed a motion for relief from judgment pursuant to Super.R.Civ.P. 60(b)(1), (3), (4), and (6), alleging that they were never given notice that the judgment of August 16, 1979, had been presented to the court or was ever entered. On

June 26, 1980, the trial justice denied defendant's motion but evidently ordered a new amended judgment to be entered.

4. There is in the record a claim against the decedent by the Internal Revenue Service for $8,601.04 in unpaid taxes, interest, and delinquency penalties which was filed by the IRS on November 26, 1980. Any money that the trial court might eventually order to be returned to the estate of the decedent would be subject to attachment by the IRS. *See, e.g., United States v. Francis,* 646 F.2d 251, 262–63 (6th Cir.1981).

During the hearing the trial justice and the state's attorney were made aware of the civil judgment and the pending appeal for the first time. In light of this information, the attorney for the state objected to any further criminal hearing until the civil appeal had been disposed of. The trial justice ruled that the Bassetts had a right to pursue both actions and that the motion to restore was properly before the court. However, the trial justice did agree to look at the file in the civil appeal before taking any action.[5]

At the conclusion of the hearing[6] and after he had looked at the file in the civil action, the trial justice decided that the state was required to return all the confiscated money that had belonged to Elliott Bassett. This amount included the $183,820 seized from the hallway closet. The state filed its notice of appeal on January 21, 1981. On May 28, 1981, we ordered that the civil case of *Elliott M. Bassett v. Walter Stone*, No. 80–559–A., be consolidated with the criminal case of *State v. Elliott Bassett*, No. 81–205–C.A.

The first issue we address is whether or not the Bassetts' motion in the criminal suit should have been barred by the doctrine of res judicata.[7]

■ The underlying basis of the doctrine of res judicata is that an issue should be judicially determined only once. *Silva v. Silva*, R.I., 404 A.2d 829 (1979). The doctrine operates as an absolute bar to the repetition of litigation of the same claim between the same parties, and a verdict rendered on the merits of the first case is not only conclusive regarding the issues that were actually determined but also precludes reconsideration of all other issues that might have been raised in the original litigation.[8] *R.A. Beaufort & Sons, Inc. v. Trivisonno*, 121 R.I. 835, 840–41, 403 A.2d 664, 667 (1979). With respect to the status of cases decided by summary judgment, it is accepted that they are final and appealable and are res judicata in a subsequent action. *Air-Lite Products, Inc. v. Gilbane Building Co.*, 115 R.I. 410, 422, 347 A.2d 623, 630 (1975). In sum, for res judicata to bar a cause of action, there must be (1) identity of parties, (2) identity of issues, (3) identity of claims for relief, and (4) finality of judgment.

■ In the present case we are of the opinion that the prerequisites exist for the application of res judicata. In both cases the two parties, the State of Rhode Island and the estate of Elliott Bassett, remain the

---

**5.** On December 18, 1980, this court ordered the file in the civil case to be remanded to the Washington County Superior Court for the perusal of the trial justice.

**6.** The first half of the hearing was held on December 16, 1980, and was continued to January 12, 1981, when the trial justice was made aware of the civil action.

**7.** The Superior Court retained subject-matter jurisdiction over the motion to return property, made under Super.R.Crim.P. 41, despite the fact that all criminal proceedings against Elliott Bassett had terminated. Both state and federal courts have held, in reviewing motions to return property under the analogous federal rule and state procedures, that trial courts retain in an ancillary manner the subject-matter jurisdiction acquired in criminal proceedings for the purposes of reviewing a motion to return property seized by the government, even though the defendant has been convicted and sentenced or the indictment has been dismissed. *See, e.g., United States v. Wilson*, 540 F.2d 1100, 1103–

04 (D.C.Cir.1976); *Sawyer v. Gable*, 400 So.2d 992, 994–96 (Fla.App.1981).

**8.** Although it is true that the Superior Court acquired subject-matter jurisdiction over the decedent's criminal indictment before the civil action was instituted, the criminal proceeding never included a motion to return property. In such a case, where the motion to return property is filed after the indictment is dismissed, the motion is really an independent proceeding. *Cf., DiBella v. United States*, 369 U.S. 121, 131–32, 82 S.Ct. 654, 660, 7 L.Ed.2d 614, 621 (1962) (Supreme Court stated, in the context of the appealability of decisions on motions to return property, that if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant, the proceedings can be regarded as independent). Since the motion to return in the instant case was a proceeding independent from the prior criminal prosecution, it was a claim asserted after the civil action had begun.

same.[9] The sole issue presented in both cases is who has title to the money. The claims for relief in both are identical, that the money found in the hallway closet be returned to Elliott Bassett's estate. Finally, as *Air-Lite Products* tells us, finality of judgment exists when issues are disposed of by summary judgment. For these reasons we find that the summary judgment granted in the civil case barred the subsequent motion to restore property in the criminal action.

The trial justice in the criminal case, upon learning of the prior judgment entered in the civil case, should have dismissed the action. This dismissal was mandated by his lack of authority to consider the previously decided issue of title to the money seized. Therefore, we decline to consider whether or not he was clearly wrong in ordering the property to be returned to the decedent's estate. Instead, we order that the judgment entered in the criminal action be vacated.

In light of our decision concerning the criminal action, the only remaining issue to be discussed is whether or not the trial justice in the civil action erred in granting plaintiff's motion for summary judgment.

A motion for summary judgment should be granted only when an examination of the pleadings, affidavits, answers to interrogatories and other materials viewed in the light most favorable to the party opposing the motion reveals that there is no genuine issue in regard to any material fact. *Saltzman v. Atlantic Realty Co., Inc.,* R.I., 434 A.2d 1343, 1344–45 (1981); Super. R.Civ.P. 56(c). As this court stated nearly one-half century ago, "[w]here a motion for summary judgment is proper, the court is not authorized to try the issue, but is to determine whether there is an issue to be tried." *Berick v. Curran,* 55 R.I. 193, 197, 179 A. 708, 710 (1935).

The parents of Elliott Bassett stated in their affidavits that their son told them that he had approximately $190,000 in cash which was his "sole and absolute property." They also allege in their affidavits that between the date of their son's arrest and the date of his death,[10] he repeatedly told them that he "was the owner of the currency taken from the Saunderstown house by the Rhode Island State Police, [and] that there were no claims to it by any other person, firm, or corporation * * *." In response thereto the Rhode Island State Police stated in their affidavits that the money was not found on the decedent or in any bedroom occupied by him, or in a house that he rented. They also stated that he never made a claim that the money was exclusively his.

A noted commentator has stated, and we agree, that in passing on a motion for summary judgment this court will not resolve issues posed by competing affidavits. 1 Kent, *R.I.Civ.Prac.* § 56.4 at 418–19 (1969). In the case before us, the affidavits filed clearly reveal the existence of a genuine issue of a material fact. The material-factual question raised is who had possession and control of the cash at the time it was seized by the police. Clearly, such a question should have been resolved at trial rather than by summary judgment. Accordingly, we find that the trial justice erred in granting the plaintiff's motion for summary judgment.

For the stated reasons, the state's appeal from both actions is sustained, the judgment entered in the criminal action is vacated, the judgment entered in the civil action is reversed, and the case is remanded to the Superior Court for further civil proceedings.

---

9. For these purposes, we consider the Rhode Island State Police and the State of Rhode Island to be the same party.

10. Elliott Bassett was arrested on August 15, 1977, and died on April 26, 1978.