**MILES UN–LTD., INC.**

v.

**The TOWN OF NEW SHOREHAM, et al.**

**Civ. A. No. 84–0100 P.**

United States District Court, D. Rhode Island.

Jan. 30, 1985.

Max Wistow, Providence, R.I., for plaintiff.

William J. Gallogly, Westerly, R.I., John Dolan, Deming Sherman, Providence, R.I., for defendants.

MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

The plaintiff in the above named action, Miles Un-Ltd., Inc., now moves this Court to reconsider a previous order, issued on September 10, 1984, dismissing its federal district court complaint. The plaintiff had originally requested relief pursuant to federal and state antitrust laws, 15 U.S.C. §§ 1, 2, 15, and 26, and R.I.Gen.Laws § 6–31–1; the First, Fifth, and Fourteenth Amendments to the United States Constitution; and 42 U.S.C. § 1983 and § 1988. I dismissed all of these claims in my prior order on the grounds that 1) the § 1983 claims were barred under Rhode Island principles of res judicata by a previous state court decision rendered in *Leone v. Town of North Shoreham;* 2) the plaintiff had failed to state a claim for which relief could be granted under § 1 and § 2 of the Sherman Antitrust Act; and 3) under the circumstances, the Court should not exercise pendant jurisdiction over the state

claims. Plaintiff now seeks reconsideration of these rulings.

This Court dismissed the plaintiff's § 1983 claims on the theory that the plaintiff could have raised them in *Leone* but failed to do so. Under the law of the state of Rhode Island, as enunciated to the case of *Providence Teacher's Union, Local 958 v. McGovern*, 113 R.I. 168, 172 (1974), "[r]es judicata bars the relitigation of all issues that were tried or might have been tried in the original suit." I therefore concluded as a matter of law that the plaintiff could have raised its § 1983 claims in state court, and were thus barred from pressing those claims in a subsequent federal court action.

The plaintiff now contends that a recently decided Rhode Island case, *Estate of Bassett v. Stone*, 458 A.2d 1078 (R.I.1983), directs a reversal of my original ruling. The court in *Bassett* specifically identified four criteria that must be met before res judicata effect will be accorded to a prior judgment. These criteria are: "(1) identity of parties, (2) identity of issues, (3) identity of claims for relief, and (4) finality of judgment." *Id.* at 1080. The plaintiff argues that applying the third factor listed in *Bassett*, it is not barred from bringing the instant action because in the prior state court proceeding, it sought purely injunctive relief, while in this action, it seeks damages.

■ I do not believe that by including the language "identity of claims for relief" among the prerequisites for invocation of res judicata, the Rhode Island Supreme Court intended to allow claims like the one the plaintiff now presses. The doctrine of res judicata, as a vehicle to eliminate repetitive litigation, is one of substance, and not of form. *Perez v. Pawtucket Redevelopment Agency*, 111 R.I. 327, 302 A.2d 785, 791 (1973). This language, therefore, must not be read literally, but must be interpreted with reference to other Rhode Island cases on this issue as well as the language in the *Bassett* opinion itself.

■ Rhode Island case law concerning res judicata clearly demonstrates that the requirement of "identity of claims for relief" is not tantamount to identity of the *remedy* requested. If it were otherwise, a party could frustrate the very purpose of bar and merger by merely requesting a different remedy in two separate proceedings on the very same cause of action. Under Rhode Island law, therefore, claims for relief are typically considered identical if they arise out of the same transaction or occurrence. *Cf. Zalobowski v. New England Teamsters and Trucking Industry Pension Fund*, 122 R.I. 609, 410 A.2d 436 (1980) (noting installment contracts as an exception, which involve separate claims for relief). The United States District Court for the District of Rhode Island endorsed this legal construction in its opinion in *Gonsalves v. Alpine Country Club*, 563 F.Supp. 1283 (D.R.I.1983), where it noted that the entry of a final judgment following an adjudication on the merits " 'extinguishes ... all rights of a plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the complaint arose.' " *Id.* at 1285–86, quoting *Isaac v. Schwartz*, 706 F.2d 15, 16 (1st Cir.1983).

Other Rhode Island cases illustrate that the courts have not restricted the doctrine of res judicata to cases that request an identical remedy. In *Silva v. Silva*, 122 R.I. 178, 404 A.2d 829 (1979), the Supreme Court held that a decision by the family court denying the petitioner's motion to hold her husband in contempt for failure to pay child support precluded a subsequent action for execution to collect such funds. *Id.* at 832. *Silva* involved the invocation of two entirely different remedies for the collection of child support. The critical inquiry in that case, however, was whether the plaintiff, in being permitted to pursue the second suit, would be given two bites of the apple—that is, would she be given the opportunity to litigate in a second proceeding the same issues that were decided in the contempt action. *Id.* Were I to grant the motion in the instant case, the plaintiff

also would be afforded a second bite at the apple.

Even if the reference in *Bassett* to "identity of claims for relief" could be construed to require an identity of remedy between the two actions, I conclude that the language of *Bassett* itself mandates that the identity be between remedies which might have been requested rather than between those which actually were. It is true that *Bassett* delineates, as two of the prerequisites for res judicata, both identity of claims for relief and identity of issues. *Bassett*, 458 A.2d at 1080. But *Bassett* also advances the general principle of res judicata espoused in *Providence Teacher's Union, supra* —that the doctrine applies not only to issues that were actually litigated, but also to those which might have been. *Id.* To harmonize these two propositions, I must conclude that in demanding identity of issues, the court was requiring that the same issues could have been raised in the two pertinent actions and not that they actually were raised. Considering the policy behind the doctrine of res judicata that I have already mentioned, I find that the same construction must logically be applied to *Bassett*'s criterion of "identity of claims for relief".

As to plaintiff's claims under § 1 and § 2 of the Sherman Antitrust Act, I find that they have failed to offer additional law or facts sufficient to persuade me that my original order was in error.

For the foregoing reasons, Plaintiff's motion for reconsideration of my September 10, 1984 order is DENIED.