**In re Muriel and Norman MacLURE, Debtors.**

**Muriel and Norman MacLURE, Plaintiffs,**

**v.**

**Irwin M. MORRIS, Donald S. Smith, Harold A. Smith and Vincent J. Mascaro, Defendants.**

**Bankruptcy No. 8400504.
Adv. No. 850045.**

United States Bankruptcy Court, D. Rhode Island.

March 14, 1986.

---

See also, Bkrtcy., 50 BR 134.

John Rao, Rhode Island Legal Services, Providence, R.I., for plaintiffs-debtors.

Douglas H. Smith, Providence, R.I., for defendants Irwin M. Morris, Donald S. Smith and Harold A. Smith.

## DECISION DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

On November 12, 1985, an order was entered sustaining plaintiffs' objection to defendants' motion to dismiss this adversary proceeding,[1] which is an action to avoid the sale of the plaintiffs' house, pursuant to 11 U.S.C. § 548(a)(2). On December 31, 1985 defendants filed a motion for reconsideration, contending that because an affidavit in support of the motion to dismiss had been presented to (and not excluded by) the Court, the motion should have been considered and disposed of as a motion for summary judgment, pursuant to Fed.R.Civ.P. 12(b). Defendants maintain that they are entitled to judgment as a matter of law under 11 U.S.C. § 548(a)(2),[2] since the affidavit of Irwin Morris contained an uncontradicted allegation that the debtors had received reasonably equivalent value in exchange for the transfer of their residence.

Defendants also argue that the complaint should have been dismissed because certain facts, essential to the claim under 11 U.S.C. § 548, have already been decided against the plaintiffs by a final consent judgment entered on July 5, 1984 by the Providence

---

1. The motion to dismiss was filed by defendants Irwin Morris, Donald Smith and Harold Smith.

2. § 548. Fraudulent transfers and obligations
   (a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

. . . .
   (2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
   (B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation. . . .

County Fifth Division District Court in an eviction proceeding (C.A. No. 84–1021).

■ Defendants' contention that the present action is barred by the doctrines of res judicata and collateral estoppel is clearly without merit and is rejected. In the state court eviction proceeding the only issue decided was whether the plaintiffs had breached an agreement to pay rent to Mascaro, who had purchased the property from Irwin Morris and Donald Smith after the debtor had transferred it to them. Plaintiffs' action in this Court does not seek to upset or otherwise attack the consent judgment entered in state court, since the dispositive issues under § 548(a)(2) (whether plaintiffs received less than a reasonably equivalent value upon transfer and whether they were insolvent at the time of the transfer or thereby rendered so) were not raised, litigated, or decided in C.A. No. 84–1021. For these and all of the other reasons advanced in the Memorandum in Support of Plaintiffs' Objection to Defendants' Motion for Reconsideration, we conclude that the state court judgment has no preclusive effect on plaintiffs' § 548 claim here. *See Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Rodriques v. Santos,* —— R.I. ——, 466 A.2d 306 (1983); *Bassett v. Stone,* —— R.I. ——, 458 A.2d 1078 (1983).

In support of plaintiffs' objection to defendants' motion for reconsideration and motion for judgment as a matter of law, Norman MacLure filed an affidavit disputing the allegation of voluntariness of the transfer for reasonably equivalent value, which affidavit defendants moved to strike on the grounds:

1. That said Affidavit fails to comply with the requirements of 56(e) of the Federal Rules of Civil Procedure in that it contains heresay and other matters that the Plaintiff would not be competent to testify as to under oath in any Court proceeding.

2. That said Affidavit filed approximately two (2) months after service of Defendants' Affidavit is untimely and should not be considered by this Court in deciding Defendants' previously filed motion.

Defendants' Motion to Strike Plaintiffs' Affidavit at 1.

■ Defendants are correct that their submission of an affidavit required the Court to treat the motion to dismiss as a motion for summary judgment, and on this point we reverse our earlier failure to do so.

> If, on a motion ... to dismiss ... matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and *all parties shall be given reasonable opportunity to present all material* made pertinent to such a motion by Rule 56 (emphasis added).

Fed.R.Civ.P. 12(b).

As plaintiffs point out, however, Fed.R.Civ.P. 56 provides great flexibility in the submission of supporting materials on a motion for summary judgment, and the opposing party may serve affidavits anytime prior to the hearing date. In this proceeding, no hearing date on the summary judgment motion has been scheduled, and the time elapsed is insignificant, so plaintiffs' affidavit should not be stricken on the ground that it was filed out-of-time, or untimely.

■ Defendants also maintain that Norman MacLure's affidavit, which contains a statement of his opinion of the value of the property, should be stricken since it fails to comply with Fed.R.Civ.P. 56(e), which provides that

> [s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Since Norman MacLure is not a qualified expert on the value of real estate, his statement that the property in question was

**112**

worth between $25,000 and $35,000 would probably not be admissible at trial, and should therefore be stricken from the affidavit, pursuant to Fed.R.Civ.P. 56(e). But there is no basis for striking the remainder of the affidavit which raised material issues of fact concerning the circumstances surrounding the transfer. Further, since competent evidence regarding the value of the property has not been presented by either party, there remains a dispute over that issue, which renders summary judgment inappropriate at this time.

Accordingly, defendants' motion to dismiss, which is considered here as a motion for summary judgment, is denied, *see* Fed. R.Civ.P. 56(c). A pretrial conference will be held on March 27, 1986 at 2:30 p.m., to set discovery deadlines and a date for hearing on the merits.

Enter judgment accordingly.