In re Michael MEDEIROS, Debtor.

Jennifer RIDE, Plaintiff,

v.

Michael MEDEIROS, Defendant.

Bankruptcy No. 92–12458.
Adv. No. 92–1172.

United States Bankruptcy Court,
D. Rhode Island.

April 5, 1993.

---

John L. Cosentino, Providence, RI, for debtor/defendant.

Kerry F. Walsh, Providence, RI, Janet J. Goldman, Warwick, RI, for plaintiff.

### DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court is Plaintiff's Motion for Summary Judgment in the above referenced adversary proceeding, and the Objection of Michael Medeiros, the Debtor/Defendant. At issue is whether a state court judgment *by default* constitutes res judicata in a subsequent § 523(a)(6) action to determine the dischargeability of a claim that was the subject of the prior state court action. For the reasons discussed below, we conclude that it does. The pertinent procedural background is as follows:

Prior to the Debtor's Chapter 7 filing, on March 6, 1992 the Providence County Superior Court entered a default judgment against Medeiros for intentional assault, and battery committed against the Plaintiff. In addition, the Superior Court awarded: (1) $88,920 in compensatory damages; (2) $50,000 in punitive damages; and (3) $30,562.40 in interest, for judgment in the total amount of $169,482.40. In attempting to collect on the award, Plaintiff sought to attach Medeiros' real estate and wages, whereupon he moved to vacate the default judgment. On July 28, 1992, the Superior Court denied the motion to vacate, and less than one month later, on August 20, 1992, Medeiros filed his Chapter 7 petition in this Court, scheduling the Plaintiff as a creditor.

Plaintiff filed the within adversary proceeding to have the state court judgment declared nondischargeable, pursuant to 11 U.S.C. § 523(a)(6), as a debt arising out of "willful and malicious injury by the debtor to another entity or to the property of another entity." In the instant summary judgment motion she asks that res judicata effect be given to the state court proceedings, and for an order declaring said debt to be nondischargeable, and in support, she submitted copies of the relevant state court pleadings, including: (1) the complaint alleging willful and malicious injury to her person; (2) a signed statement by Debtor acknowledging that default judgment could be entered against him; and (3) a copy of the Superior Court's March 6, 1992 Entry of Judgment by Default.

In opposition, the Debtor argues: (1) that in bankruptcy, a state court judgment by default is not binding, for res judicata purposes; and (2) that the burden of proof in bankruptcy dischargeability proceedings (clear and convincing) differs from that used in state court intentional tort cases (preponderance of evidence). The Debtor is wrong as a matter of law on both issues.

With respect to the burden of proof argument, we need not invest a lot of time discussing this point, but simply refer the Debtor to the United States Supreme Court decision of *Grogan v. Garner*, 498 U.S. 279, 290, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991), wherein the Court unanimously

held that "the standard of proof for the dischargeability exception in 11 U.S.C. § 523(a) is the ordinary preponderance of the evidence standard."

Debtor's second argument presents a more meritorious debate, although here again, he loses. In *Boyajian v. DeFusco (In re Giorgio)*, 862 F.2d 933, 936 (1st Cir.1988), the First Circuit Court of Appeals reminded this Court that "[t]he Supreme Court has made clear that ordinary principles of res judicata apply to bankruptcy proceedings. *Heiser v. Woodruff*, 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946). What those principles are, and how they apply in respect to a state court judgment, is itself a matter of state law, 28 U.S.C. § 1738 (1982); *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982); *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980)."

Under Rhode Island law, "the doctrine of res judicata operates as an absolute bar to a cause of action where there exists '(1) identity of parties; (2) identity of issues; and (3) finality of judgment.'" *R.I. Student Loan Auth. v. Nels, Inc.*, 600 A.2d 717, 720 (R.I.1991) (citing, *Herbert v. Ventetuolo*, 480 A.2d 403, 405 (R.I.1984) (other citations omitted)), and "when invoked, it makes the prior judgment conclusive as to any issues that were raised *or that could have been raised.*" 600 A.2d at 720 (emphasis added). Furthermore, the doctrine, "as a vehicle to eliminate repetitive litigation, is one of substance and not of form." *Miles Un–Ltd, Inc. v. Town of New Shoreham*, 602 F.Supp. 238, 239 (D.R.I.1985) (citing *Perez v. Pawtucket Redev. Agency*, 111 R.I. 327, 302 A.2d 785, 791 (1973)).

■ Arguing against the application of res judicata, the Debtor contends[1] that where the judgment was obtained by default, the issues alleged in the complaint have not been actually litigated, and therefore the rule of preclusion cannot apply to issues raised in a subsequent action. This argument *appears* to have some support in other circuits, *see In re Raynor*, 922 F.2d 1146 (4th Cir.1991); *Franks v. Thomason*, 4 B.R. 814, 821 (N.D.Ga.1980), but upon closer examination, is generally raised in opposition to requests for the application of collateral estoppel—not res judicata. Although the distinction is often blurred, based upon the allegations of the instant state court complaint, vis-a-vis the elements necessary to establish a claim under § 523(a)(6), we rule that the requests for relief, the dispositive issues, and the parties are identical, and that the doctrine of res judicata is clearly applicable. *See Miles Un–Ltd, Inc.*, 602 F.Supp. at 239 ("Rhode Island case law concerning res judicata clearly demonstrates that the requirement of 'identity of claims for relief' is not tantamount to identity of relief requested.... Under Rhode Island law, therefore, claims for relief are typically considered identical if they arise out of the same transaction or occurrence.")

■ Although the question initially was left unanswered in *Commw. of Mass. v. Hale*, 618 F.2d 143 (1st Cir.1980), the First Circuit has twice since then stated that a judgment obtained by default has res judicata effect, *see SMA Life Assur. Co. v. Sanchez–Pica*, 960 F.2d 274 (1st Cir.1992), *cert. den.*, —— U.S. ——, 113 S.Ct. 207, 121 L.Ed.2d 147 (1992) (judgment was a final one with res judicata effect, even though it was a default judgment); and *R.I. Hosp. Trust Nat'l Bank v. Ohio Cas. Ins. Co.*, 789 F.2d 74, 81 n. 10 (1st Cir.1986). Moreover, the Rhode Island Supreme Court has stated "[t]he fact that the original action resulted in a default judgment does not render it any less conclusive an adjudication for purposes of res judicata than a judgment rendered in an answered case." *Zalobowski v. N.E. Teamsters & Trucking Ind. Pen. Fund*, 122 R.I. 609, 612, 410 A.2d 436 (1980) (other citations omitted). Based upon the above rulings, as well as our independent understanding of the law, we reject the Debtor's argument that the de-

---

1. The Debtor's memorandum in opposition to summary judgment is rambling and confusing, mixing up his arguments and legal doctrines so that it is difficult to understand what his contentions truly are. Thus, our analysis herein is based upon what we glean to be the gist of his position.

fault nature of the state court judgment excuses him from the preclusive effect of res judicata.[2]

Lastly, we address the argument whether the claims and issues raised in the state court complaint are similar enough to those in the instant adversary proceeding to properly invoke the doctrine. Here, unlike in *Commw. of Mass. v. Hale*, 618 F.2d 143 (1st Cir.1980), the state court complaint includes "the requisite [elements of] knowledge and intent" necessary to support a complaint objecting to discharge under 11 U.S.C. § 523(a)(6). Said complaint alleges that "the Defendant, without provocation, *maliciously*, wantonly, violently, viciously, *willfully, intentionally* and unlawfully assaulted and battered the Plaintiff and made unwanted nonconsensual contact with her person without legal consent or other privilege," paragraph 3 of the Complaint, and "[a]s a direct and proximate result of said Defendant's *intentional, willful*, wanton, *malicious*, unlawful, unwarranted and unprovoked act of battering and wounding the Plaintiff with the *malicious intent* on the part of the Defendant to injure the Plaintiff, Plaintiff suffered severe, serious and permanent injuries to her body and mind," paragraph 4 of the Complaint. These allegations, apparently accepted fully by the Rhode Island Superior Court in rendering judgment in Plaintiff's favor, are clearly sufficient to establish a claim for relief under 11 U.S.C. § 523(a)(6), and therefore, said judgment must be given res judicata effect in this proceeding.

Accordingly, based upon all of the foregoing, the Plaintiff's Motion for Summary Judgment is GRANTED, and the debt underlying the March 6, 1992 state court judgment is declared to be nondischargeable herein.

Enter Judgment consistent with this opinion.

---

**2.** We also note for record purposes that at all relevant times Medeiros was fully aware of the pendency of the state court litigation, was represented by counsel who he later voluntarily dis-

charged, and even signed a sworn statement acknowledging the potential risks of not defending the suit.